This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF SANTA FE,**

    Plaintiff-Appellee,

v.                        **NO. 35,718**

**GURUSIMRAN SCHIRMER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

R. Alfred Walker, Assistant City Attorney
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant appeals from the district court's denial of her motion to suppress

following a conditional plea in municipal court. On appeal, Defendant asserts that the district court erred in determining that the officer was acting in a community care taking capacity. This Court issued a calendar notice proposing to affirm on the basis that "there was an insufficient show of force by the sergeant to constitute a seizure." [CN 4] The City of Santa Fe has filed a memorandum in support of this Court's proposed disposition, and Defendant has filed a memorandum in opposition. Having considered the arguments of the parties, we affirm.

{2}     In this Court's notice of proposed disposition, we noted that "[t]he test for determining if a police-citizen encounter is consensual depends on whether, under the totality of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." *State v. Walters*, 1997-NMCA-013, ¶ 12, 123 N.M. 88, 934 P.2d 282 (internal quotation marks and citation omitted). We further noted that it is "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen [that] we may conclude that a seizure has occurred." *Id.*(internal quotation marks and citation omitted). We pointed out that, in the present case, the sergeant happened to be behind Defendant on the roadway when she began her attempts at parallel parking; the sergeant activated only his *rear* lights to let traffic know he was stopping; and the

sergeant approached Defendant's vehicle and asked if everything was okay. [CN 4 (citing DS 2; RP 87)] Based on these facts, we therefore proposed to conclude that there was an insufficient show of force to constitute a seizure. [CN 4]

{3}  In response, Defendant agrees that "it is well-established that the police do not need justification to approach a person and ask that person questions, so long as the actions of the officers do not 'convey a message that compliance with their requests is required.'" [MIO 7 (citing *State v. Murry*, 2014-NMCA-021, ¶ 13, 318 P.3d 180)] However, Defendant disagrees with this Court's proposed holding that the show of force was insufficient to constitute a seizure. [MIO 9] Defendant points out that this Court "should consider three factors in determining whether 'a reasonable person would have believed that he was not free to leave.'" [MIO 9 (citing *State v. Jason L.*, 2000-NMSC-018, ¶¶ 14-16, 129 N.M. 119, 2 P.3d 856)] Further, Defendant directs this Court to *Murry*, for circumstances that might indicate a seizure, which include: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." 2014-NMCA-021, ¶ 20 (internal quotation marks and citation omitted).

{4}  While we agree with Defendant's position on the analysis this Court should undertake, for the reasons discussed in this Court's notice of proposed disposition we

conclude that none of the circumstances this Court indicated might indicate a seizure in *Murry* exist in the present case. Specifically, the officer turned on only his rear emergency lights, approached Defendant on foot while she was attempting to parallel park, and asked her if she was okay. To the extent Defendant directs this Court to the factual circumstances of prior cases to argue that a seizure occurred, we suggest that the cases cited by Defendant does not support that conclusion. For instance, Defendant relies on *State v. Soto*, 2008-NMCA-032, 143 N.M. 631, 179 P.3d 1239. However, in *Soto*, the district court found that "while the officers did not engage their lights, they pulled up next to the [d]efendant in their patrol car, at which time the [d]efendant stopped his bicycle. The officers immediately began to question him and requested his driver's license." *Id.* ¶ 8 (alteration, internal quotation marks, and citation omitted). This Court considered all of these circumstances in determining that a seizure occurred under the facts of that case. *See id.* ¶ 13 ("In addition to the assertion of authority evidenced by the patrol car pulling up next to [the d]efendant, the officers then began questioning [the d]efendant about his activities, asked [the d]efendant for identification, and retained [the d]efendant's driver's license in order to run a warrant check, all of which, in combination with the lateness of the hour and [the d]efendant's isolation on the road, conveyed to [the d]efendant that the officers expected [the d]efendant to comply with their requests.").

4

**{5}** Similarly, Defendant relies on *State v. Baldonado*, 1992-NMCA-140, 115 N.M. 106, 847 P.2d 751, to argue that "when an officer is investigating a suspicious situation, turns on emergency lights, and asks accusatory questions 'that this [is] a show of authority sufficient to convey to a reasonable person that departure [is] not a realistic alternative.'" [MIO 12-13 (quoting *Baldonado*, 1992-NMCA-140, ¶ 16)] *Baldonado*, however, does not stand for the proposition that any time emergency lights are engaged that a stop or seizure has occurred. *See id.* ¶ 1 ("These consolidated cases raise the question of whether there is a seizure, as a matter of law, whenever the police pull up behind a stopped car and turn on their flashing lights. We hold that there is not[.]"). Rather, in *Baldonado* this Court held:

> [W]e believe that a trial court should ordinarily find a stop that must be justified by reasonable suspicion whenever officers pull up behind a stopped car, activate their lights, and approach the car in an accusatory manner, asking for license and registration and an account of the occupants' activities. On the other hand, a trial court should ordinarily find no stop whenever officers pull up behind a stopped car, activate their lights, and approach the car in a deferential manner asking first whether the occupants need help.

*Id.* ¶ 18. Thus, because the facts of this case fall in line with the second example, rather than the first, *Baldonado* does not support the conclusion that a seizure occurred.

**{6}** Finally, to the extent Defendant relies on *State v. Garcia*, 2009-NMSC-046, 147 N.M. 134, 217 P.3d 1032, and *Murry*, we note that the officers in each of those cases

5

ordered the defendant to comply. *See Garcia*, 2009-NMSC-046, ¶ 41 (noting that the circumstances surrounding the seizure involved an officer stopping his vehicle near the defendant, shining a spotlight on him, and "t[elling], order[ing], or yell[ing] at [the d]efendant to stop"); *Murry*, 2014-NMCA-021, ¶¶ 4-5 (noting that, under the facts of that case, the officers "ordered" the driver to open the door and then ordered everyone out of the vehicle). No such show of authority or indication that compliance was required occurred in the present case. Accordingly, we remain unpersuaded that a seizure occurred under the facts of this case.

{7}     Thus, for the reasons stated above and in our notice of proposed disposition, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**STEPHEN G. FRENCH, Judge**